**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| Damien L. Ware, | ) | CASE NO. 1:20 CV 1487 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Department of Veterans Affairs, et al., | ) | <u>Memorandum of Opinion and Order</u> |
| | ) | |
| Defendant. | ) | |


### <u>Introduction</u>

This matter is before the Court upon defendants' Motion to Dismiss. (Doc. 11). For the following reasons, the motion is UNOPPOSED and GRANTED.

### <u>Facts</u>

*Pro se* plaintiff Damien L. Ware filed this Complaint against defendants Department of Veteran Affairs and Robert Wilkie, Secretary of Veteran Affairs. Plaintiff's 38- page Complaint alleges a "procedural violation" and "misinterpretation" of 38 U.S.C. § 714, and a "violation" of 5 U.S.C. § 2302(b). The Complaint arises out of the termination of plaintiff's employment with the Department of Veterans Affairs as a Legal Administrative Specialist. He seeks reinstatement

1

to his position and compensatory damages.

Between March 18, 2019 and July 1, 2020, plaintiff  filed seven Equal Employment

Opportunity (EEO)/Merit System Protection Board (MSPB) Complaints[1]:

• An EEOC formal complaint on March 18, 2019, alleging discrimination and a hostile work environment. The complaint was amended on March 16, 2020, to include a claim regarding his removal from employment. The mixed case portion of the complaint was dismissed because plaintiff had also filed MSPB appeal(s) challenging his removal. The non-mixed portion of his complaint is pending with the EEOC, with an initial status conference held on January 25, 2021, and discovery is in progress.

• A MSPB appeal on April 23, 2020, seeking "corrective action under the provisions of 5 U.S.C. 1214(a)(3) Investigation of prohibited personnel practices; corrective action and 5 U.S.C. 1221 Individual right of action in certain reprisal cases. My termination from the Department of Veteran Affairs for so-called Inappropriate Behavior violates 5 U.S. Code 2302(b)(8), (b)(9)(A)(i), (B), (C), and (D) Prohibited Personnel Practices." The parties attempted mediation but did not reach a settlement. The case is set for final hearing on April 22, 2021.

• A MSPB appeal on July 1, 2020, challenging his removal from employment "under the procedures of 38 U.S.C. 714." The appeal was dismissed as untimely, and plaintiff filed a Petition for Review on October 1, 2020, which is pending.

• A MSPB complaint on July 18, 2019, alleging a violation of rights to a veteran's preference; non-selection based on race, gender, and disability; and a hostile work environment in retaliation for complaints and grievances. On September 30, 2019, the request for corrective action was denied because plaintiff failed to prove his Veterans Preference rights were violated. The Individual Right of Action claim was dismissed for lack of jurisdiction.

• A MSPB complaint on August 27, 2019, alleging that the VA violated his veterans' preference rights in connection with a July 30, 2019 non-selection for a Rating Veterans Service Representative position.  The request for corrective action was denied on September 30, 2019.

• A MSPB complaint on April 8, 2020 regarding his removal from employment, which was

---

[1]     Declaration of Dennis McGuire, Chief Counsel, Office of General Counsel, Department of Veterans Affairs. The Court may consider these documents because plaintiff makes reference to them in his Complaint although he does not attach them.

2

dismissed as withdrawn on April 30, 2020.

•   A second EEOC complaint on August 19, 2020, alleging he was discriminated against based on disability and reprisal (prior EEO activity) when on June 22, 2020, he was informed that he was ineligible and denied unemployment benefits due to the agency failing to respond to information requests by the Department of Labor. A hearing was requested on February 2, 2021. The Agency intends to seek consolidation with the March 18, 2019 EEO complaint.

This matter is before the Court upon defendants' Motion to Dismiss.

### Standard of Review

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ).  In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc*., 123 F.3d 394, 400 (6th Cir.1997).  As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.  A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678.  The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

### Discussion

Defendants argue that the Complaint fails to state a claim based on plaintiff's active pursuit of multiple administrative cases involving the same or similar factual allegations, and because the statutes cited in the Complaint do not establish a right of action or provide a basis for the Court's jurisdiction.  Additionally, the lengthy Complaint containing detailed factual allegations does not state the grounds for the Court's jurisdiction or articulate a justiciable claim for relief.  Plaintiff has not opposed the motion.  For the following reasons, the Court agrees with defendants that the Complaint fails to state a claim.

The Complaint alleges a "violation" and "misinterpretation" of 38 U.S.C. § 714 (the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017) and 5 U.S.C. § 2302 (the Whistleblower Protection Act).  But, the Court agrees with defendants that these statutes do not establish a right of action or provide a basis for the Court's jurisdiction. The former sets forth an administrative framework for Veterans Affairs employees to challenge their removal from employment and provides for an appeal of the MSPB decision to the Federal Circuit.  The latter likewise sets up a framework for seeking corrective action from the MSPB and the exhaustion of administrative remedies. As demonstrated above, plaintiff's actions before the MSPB are either still pending or were dismissed on September 30, 2019.  As to those that were dismissed, plaintiff failed to file a timely appeal under 5 U.S.C. § 7703(b)(2) which

required plaintiff to appeal to the district court within 30 days.  The EEOC complaints remain

pending.

**<u>Conclusion</u>**

For these reasons, defendants' Motion to Dismiss is granted.

IT IS SO ORDERED.



/s/ Patricia A. Gaughan

PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 5/19/21

5